UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FREDERICK JAMES BURTON, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:24-CV-392-TLS-APR |
| ST. JOSEPH COUNTY JAIL, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Frederick James Burton, a prisoner without a lawyer, filed a Complaint. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Burton alleges that the St. Joseph County Jail has mold in the showers and bugs fly out of the drains. He alleges that the ventilation system is inadequate. He also alleges that he has been required to sleep on the floor. He names the St. Joseph County Jail as a defendant. The St. Joseph County Jail is a building. It is not a suable entity. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, he cannot proceed against the St. Joseph County Jail.

Burton further alleges that the food trays have old food particles on them, and he has found mouse excrement in his food. He has sued Armark, the private company that provides meals at the jail. A private company performing a State function can be held liable to the same

extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014). Thus, if the corporation's policy or custom causes the injury, then corporate liability may arise. *See Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Burton's Complaint does not plausibly allege that Armark's policies or customs resulted in dirty trays or mouse excrement in his food. Therefore, he has not stated a claim against Armark.

This Complaint does not state a claim for which relief can be granted. If Burton believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the Court:

(1) GRANTS Frederick James Burton until **July 2, 2024**, to file an amended complaint; and

(2) CAUTIONS Frederick James Burton that, if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 4, 2024.

                                         s/ Theresa L. Springmann
                                         JUDGE THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT