UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FREDERICK JAMES BURTON, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:24-CV-392-TLS-APR |
| ST. JOSEPH COUNTY JAIL, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Frederick James Burton, a prisoner without a lawyer, filed an amended complaint.[1] ECF No. 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Burton's amended complaint alleges essentially the same facts as the earlier complaint.[2] He asserts that the St. Joseph County Jail has mold in the showers and bugs fly out of the drains. He alleges that the ventilation system is inadequate. He asserts that the food trays have leftover food debris and tape on them. He also alleges that he has received food trays containing mouse

---

[1] Burton was granted until July 2, 2024, to file an amended complaint. ECF Nos. 7, 9. He filed an amended complaint that was postmarked on June 10, 2024, and received by the court on June 17, 2024. ECF No. 10. He then filed an amended complaint that is dated June 18, 2024, and was received by the court on June 28, 2024. ECF No. 11. "[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 2000). Therefore, the Court will consider only the amended complaint dated June 18, 2024. ECF No. 11.
[2] Burton no longer incudes allegations that he was required to sleep on the floor, and he has added additional allegations regarding his food being contaminated, as outlined in the body of this Order.

feces and human hairs. He filed grievances about these issues. He was initially told that it was the responsibility of the inmates to clean the showers, although he was later told that the showers would be cleaned. Regarding the dirty food trays, he was told that they would watch for these problems, but Burton reports that the problems persisted.

As a pretrial detainee, Burton's claims are analyzed under the Fourteenth Amendment. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 391 (7th Cir. 1991) (cleaned up). But the Fourteenth Amendment "prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation omitted). Inmates must be provided with "the minimal civilized measure of life's necessities," which includes "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (citations omitted). They must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly" with respect to those conditions, and (2) the defendant's conduct was not "objectively reasonable." *Miranda*, 900 F.3d at 353–54. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the Court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of

2

negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

The conditions Burton complains of do not state a Fourteenth Amendment claim. Pest infestations, like the problem alleged here, can become a constitutional violation if they present a substantial risk of harm to the inmate, by, for example, raising sanitation concerns or physically harming the inmate. But Burton provides little detail about how the unidentified bugs coming from the shower drain impacted him, beyond the understandable disgust at seeing them. *See, e.g.*, *Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) ("[A]lthough he alleged that mice and cockroaches are present in the jail, he did not allege facts from which one could infer that the degree of infestation rose to the level of constitutional concern."). As for the mold in the shower, Burton does not explain why he or other inmates did not clean the shower when told that it was the pod's responsibility to keep it clean. Neither does he allege that he suffered any physical injury caused by the mold.

Furthermore, Burton is not suing any individual who knew about his complaint and responded in a way that was objectively unreasonable. Instead, he names the St. Joseph County Sheriff's Department[3] and Armark Food Service, the private company that provides meals at the jail, as defendants. It is possible to sue a municipal entity such as a sheriff's department based on a policy, practice, or custom pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694–95 (1978). Likewise, a private company performing a State function can be held liable to the same extent as a municipal entity under *Monell*. *See Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014). However, this complaint alleges only that Burton complained about the conditions at the jail and his concerns were not addressed as quickly or thoroughly as he would

---

[3] In his earlier complaint, Burton named the St. Joseph County Jail as a defendant. The Court explained that the jail is a building, not a suable entity. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

3

have liked. It cannot be plausibly inferred that either the St. Joseph County Sheriff's Department or Armark had policies, practices, or customs that caused a violation of Burton's constitutional rights.

This complaint does not state a claim for which relief can be granted. Burton has already been provided with one opportunity to amend his complaint. Nevertheless, if Burton believes he can state a claim based on (and consistent with) the events described in this amended complaint, he may file another amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form[4] which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the Court:

(1) GRANTS Frederick James Burton until **October 14, 2024**, to file an amended complaint; and

(2) CAUTIONS Frederick James Burton that, if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 12, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[4] If Burton chooses to file an amended complaint, pursuant to N.D. Ind. L.R. 7-6, he must use this form.